IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TORRIS BOYD, :
:
    Plaintiff : Civil No. 3:15-cv-1577
:
v. : (Judge Mariani)
:
WARDEN EBBERT, :
:
    Defendant :

## MEMORANDUM

On August 12, 2015, Plaintiff, Torris Boyd, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant action pursuant to 28 U.S.C. § 1331. (Doc. 1). At the same time he filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed to file a properly supported amended complaint.

I.    **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

II. **Discussion**

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See Paton v.*

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

*LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young*, 809 F. Supp. at 1199. Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, the named Defendant is Warden Ebbert. (Doc. 1, p. 2). Plaintiff's entire statement of claim is as follows: "I told Warden Ebbert to change my cell because I needed protection. He refused and my cellie [] assaulted me." (*Id.*). Plaintiff fails to set forth any facts in support of his claim, and fails to set forth any dates as to when the alleged assault occurred. Plaintiff's general allegations are insufficient to state a claim for relief. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice"

to avoid dismissal for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993). Plaintiff's allegations must be supported by facts and must indicate the role the named Defendant allegedly played in the constitutional violations. *See Flanagan*, 783 F. Supp. at 928-29; *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

While Plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young*, 809 F. Supp. at 1198.

## III. Conclusion

Given Plaintiff's *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

An appropriate Order will issue.

Date: August 19th, 2015

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge